**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**DAVID LOTTIG, JR., (Progressive)**,

**Plaintiff,**

**v.** **Case No. 3:23-cv-00603**

**NITA HALEY (Triple A Insurance),**

**Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff filed this *pro se* civil action on September 8, 2023, seeking $12,379.76 in damages from Defendant relating to a motor vehicle collision. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned **FINDS** that this Court lacks subject matter jurisdiction over the claim asserted and **RECOMMENDS** that the complaint, (ECF No. 2), be **DISMSSED**, without prejudice, and Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), be **DENIED**, as moot.

## I. Relevant Facts

Plaintiff's barely legible statement of claim in his complaint indicates that he was in a motor vehicle accident with Defendant, and he blames her for the damages that he

suffered, including $11,879.76 in "damages and reimbursements which stranded [him] here in Huntington, WV" and "$500.00 in food costs and eating out." (ECF No. 2 at 4). Plaintiff attached various documents to his complaint, including a print-out containing the definition of the word "accident;" copies of his vehicle registration and insurance card for his Progressive motor vehicle liability policy; a page from an online motorcycle course; a list of West Virginia statutes with the underlined section Obstruction of Traffic, W. Va. Code § 349.19, and handwritten words "law violated" with an arrow pointing to the code section; a check made out to Extreme Motor Cycle Outlet for $6,518.58; Red Roof Inn receipts; copies of post-it notes concerning the receipts; and a West Virginia Uniform Traffic Crash Report. (ECF No. 2-1 at 1-48).

According to the Crash Report attached to Plaintiff's complaint, on January 5, 2023, Defendant's vehicle was stationary at a stop sign on Eighth Avenue waiting to merge into traffic on Route 60. (ECF No. 2-1 at 48). Defendant started to drive forward, but she stopped, causing Plaintiff's motorcycle to crash into the rear of Defendant's car. (*Id.*). Plaintiff reportedly stated to the officer after the collision that his "throttle got stuck, and he was unable to brake." (*Id.*).

## II. <u>Standard of Review</u>

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2), the court must screen each case in which an individual seeks to proceed *in forma pauperis* (without prepayment of fees and costs). The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915.

A "frivolous" case has been defined as one which lacks "an arguable basis either in

law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992); *Anders v. California*, 386 U.S. 738, 744 (1967). A case lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. Similarly, a complaint fails to state a compensable claim when, upon viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

The court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. <u>Discussion</u>

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986). "Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties." *Brickwood Contractors, Inc. v.*

*Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citing *United States v. Cotton,* 535 U.S. 625, 630 (2002)). Plaintiff bears the burden of establishing the Court's subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

As part of its initial screening, this Court should determine whether it has subject matter jurisdiction over the claims asserted by Plaintiff. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."). The Court should *sua sponte* dismiss a case when subject matter jurisdiction is lacking. *Davis v. Pak,* 856 F.2d 648, 650 (4th Cir. 1988) ("It is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte,* to ensure that it does not decide controversies beyond its authority.").

There is no presumption that a federal district court has subject matter jurisdiction over a dispute. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Instead, the existence of jurisdiction depends upon the allegations contained in the complaint. *Id.* (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936)) (holding "the party who seeks the exercise of jurisdiction in his favor ... must allege in his pleadings the facts essential to show jurisdiction"). The mere assertion of a federal claim is insufficient to establish subject matter jurisdiction. *Davis,* 856 F.2d at 650.

Subject matter jurisdiction in the United States District Courts exists in one of two circumstances: (1) when a "federal question" is presented, or (2) when there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. If jurisdiction is premised upon on a federal question, the plaintiff must "assert a *substantial* federal claim." *Lovern,* 190 F.3d at 654 (quoting *Davis,* 856

U.S. at 650). The "doctrine of substantiality is especially important where a wholly frivolous federal claim serves as a pretext to allow a state-law issue, the real focus of the claim, to be litigated in the federal system." *Id.* at 655 (citing *Davis,* 856 U.S. at 651).

Here, Plaintiff did not respond to the questions on the form complaint, indicating whether his claim was based on a federal question or diversity of citizenship. (ECF No. 2 at 3). Examining federal question jurisdiction, Plaintiff does not reference any underlying federal statute or constitutional provision that confers subject matter jurisdiction in federal court, "nor is any type of federal question jurisdiction otherwise evident from the face of the complaint." *Powell v. Cape Fear Valley Hosp.*, No. 5:14-CV-160-BO, 2014 WL 2505646, at *2 (E.D.N.C. June 3, 2014). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Hasley v. Farmer*, No. 1:12CV75, 2012 WL 2153167, at *1–2 (N.D.W. Va. June 13, 2012) (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)). Plaintiff only references state law in his complaint and attached materials. (ECF Nos. 2, 2-1). He does not identify any federal laws that were violated, nor are any federal statutes implicated by these facts. Therefore, the Court does not have federal question jurisdiction in this matter.

Given that Plaintiff's complaint does not raise a federal question, the Court's jurisdiction over the complaint is only proper "if the amount in controversy exceeds $75,000 and there is complete diversity of citizenship, pursuant to 28 U.S.C. § 1332." *Shelton v. Crookshank*, No. 3:17-CV-108, 2018 WL 527423, at *2 (N.D.W. Va. Jan. 24, 2018), *aff'd as modified,* 742 Fed. Appx. 782 (4th Cir. 2018). Complete diversity of citizenship means that there is no plaintiff and no defendant in the case who are citizens of the same State. Plaintiff indicates that he is a resident of Saint Albans, West Virginia,

and Defendant is a resident of Huntington, West Virginia, (ECF No. 2 at 1-2), accordingly, both parties appear to be residents of the same state. Although residency does not necessarily prove citizenship, *Jackson v. Johnson*, No. CIV.A. ELH-14-00011, 2014 WL 689390, at *2 (D. Md. Feb. 20, 2014), the burden to establish jurisdiction in this Court rests with Plaintiff, and he offers no other information to suggest the existence of complete diversity of citizenship. Moreover, even if the parties are citizens of different states, diversity jurisdiction also requires that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. *Id.* (citing 28 U.S.C. § 1332(a)(1)). Plaintiff specifically requests $12,379.76 in damages from Defendant. (ECF No. 2 at 4). "The black letter rule 'has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith.'" *Choice Hotels Int'l, Inc. v. Shiv Hosp., L.L.C.*, 491 F.3d 171, 176 (4th Cir. 2007) (quoting *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961)). There is no indication in this matter that the amount in controversy possibly exceeds $75,000.00.

Consequently, the undersigned **FINDS** that, in the absence of a federal question or diversity of citizenship, this Court lacks subject matter jurisdiction over the complaint, and it should be dismissed. Plaintiff is advised that he may consider bringing his claim in the appropriate state circuit court, as a State of West Virginia court likely has jurisdiction over the subject matter in his complaint. Plaintiff attached to his present federal court complaint a Civil Case Information Statement for the Circuit Court of Cabell County, West Virginia. (ECF No. 2-3 at 1). That document should be filed in circuit court to the extent that Plaintiff wishes to pursue his case in that jurisdiction.

## IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings herein and **RECOMMENDS** that Plaintiff's Complaint, (ECF No. 2), be **DISMISSED**, without prejudice, for lack of subject matter jurisdiction; his Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), be **DENIED**, as moot; and this action be **REMOVED** from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Federal Rules of Civil Procedure 6(d) and 72(b), Plaintiff shall have fourteen days (for filing of objections) plus an additional three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff.

**FILED:** October 5, 2023

Cheryl A. Eifert
United States Magistrate Judge