IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

David Lottig, Jr. (Progressive),

            Plaintiff,

v.                                            CIVIL ACTION NO.   3:23-00603

Nita Haley (Triple-A Insurance),

            Defendant.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge has submitted proposed findings and recommended that Plaintiff's Complaint be dismissed without prejudice for lack of subject matter jurisdiction and that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs be denied as moot. Plaintiff has filed an objection to the Magistrate Judge's findings and recommendations. The Court, having reviewed the Complaint de novo, the Court **DENIES** Plaintiff's Objection and **ADOPTS** the Magistrates Judge's Findings and Recommendations for the reasons that follow.

On September 8, 2023, Plaintiff David Lottig Jr. filed a pro se civil complaint in this Court against Defendant Nita Haley. Compl., ECF No. 2. Plaintiff's statement of claim is handwritten and difficult to read. To the best of the Court's deciphering, Plaintiff's statement of a claim provides that Plaintiff, while driving a motorcycle, was involved in an accident he alleges was caused by Defendant. *Id.* at 4. Plaintiff seeks damages in the amount of $12,379.76,

including $11,879.76 for being stranded in Huntington, West Virginia and $500.00 in "food costs and eating out." *Id.*

Federal courts are courts of limited jurisdiction. "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).

When assessing a case before it, this Court should be satisfied that it has the appropriate jurisdiction over the claims asserted therein, even when a jurisdictional challenge is not raised by the parties. *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988). ("[I]t is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte*, to ensure that it does not decide controversies beyond its authority.").

There are two situations when a federal district court has subject matter jurisdiction: (1) when a complaint presents a "federal question," or (2) when there is "diversity" between the parties and the amount in controversy exceeds $75,000. *See* US Const. art. III, § 2, cl 1; 28 U.S.C. §§ 1331, 1332. Neither situation is presented by Plaintiff's Complaint.

Although the Plaintiff declined to answer the questions on the form complaint asking whether his claim was based on federal question or diversity of citizenship jurisdiction, *see* Compl. at 3, it is apparent that his written claim does not reference any federal constitutional or statutory violations. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In his Objection, Plaintiff avers that he is entitled to relief under "us code 5 usc 6222 sec a," Objection Notification at 1, ECF No. 6, however no such United States Code section exists. Moreover, Title 5 of the United States Code relates to "Government Organization and Employees." *See* 5 U.S.C. §§ 101, *et seq*. The Court cannot imagine any section within this Title could apply to Plaintiff's motor

vehicle accident claim. Instead, his claim appears to be based on the Defendant's alleged violation of state law. Accordingly, the Court does not have federal question jurisdiction over Plaintiff's Complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is government by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

Given the lack of federal question jurisdiction, the Court may only exercise jurisdiction over Plaintiff's Complaint if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

Plaintiff's Complaint fails to plead sufficient facts to meet either of those requirements. First, the Complaint does not allege the citizenship of either party, but instead indicates that both parties are residents of West Virginia. *See* Comp. 1–2. Surely, residency does not necessarily prove citizenship. *See Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998). Nevertheless, Plaintiff has the burden of establishing jurisdiction, and as noted by Judge Eifert, Plaintiff "offers no other information to suggest the existence of complete diversity citizenship." PF&R.at 6, ECF No. 5.

Additionally, even if there was complete diversity between the parties, jurisdiction would only be appropriate where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs". 28 U.S.C. § 1332(a). Most often, the amount "claimed by the plaintiff controls the amount in controversy determination." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th 2010) (internal quotation marks and citation omitted). Here, Plaintiff specifically requests $12,379.76 in damages, that amount, even asserted in good faith, does not meet the requisite amount in controversy requirement. *See Wiggins v. N. Am. Equitable Life Assur. Co.*, 644

F.2d 1014, 1016 (4th Cir. 1981) ("Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith.").

In as much as Plaintiff has failed to adequately plead that this Court has federal question or diversity of citizenship jurisdiction, Plaintiff's Complaint must be dismissed.

Accordingly, the Court **ORDERS** as follows:

1) Plaintiff's Objection (ECF No. 6) is **DENIED**;

2) Magistrate Judge Eifert's Proposed Findings & Recommendations (ECF No. 5) are **ADOPTED**;

3) Plaintiff's Complaint (ECF No. 2) is **DISMISSED without prejudice**;[1] and

4) Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) is **DENIED AS MOOT.**

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to all counsel of record, and any unrepresented parties.

ENTERED: December 1. 2023

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

1 The Court emphasizes the words of Magistrate Judge Eifert:

> Plaintiff is advised that he may consider bringing his claim in the appropriate state circuit court, as a State of West Virginia court likely has jurisdiction over the subject matter in his complaint. Plaintiff attached to his present federal court complaint a Civil Case Information Statement for the Circuit Court of Cabell County, West Virginia (ECF No. 2-3 at 1). That document should be filed in circuit court to the extent that Plaintiff wishes to pursue his case in that jurisdiction.

PF&R at 6.